IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **BETTY JEAN MURPHY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 1:05-0035 |
| ) | |
| **DEBORAH HICKEY, Warden,** ) | |
| **FPC Alderson,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and Memorandum in Support. (Document Nos. 1 and 2.)[1] Petitioner challenges the Bureau of Prisons' determination that she did not meet certain diagnostic criteria for participation in its Residential Drug Abuse Program.[2] Petitioner asserts that it was evident from the record of proceedings in the trial Court that she used cocaine.[3] She further asserts

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was release from custody on October 30, 2007.

[3] Petitioner was found guilty in the United States District Court for the Middle District of North Carolina of conspiring to distribute cocaine and cocaine base and sentenced to 245 months in prison. Her conviction and sentence were affirmed on appeal. *United States v. Mabry*, 953 F.2d 127 (4th Cir. 1991). Petitioner initiated Section 2255 proceedings in the Middle District of North Carolina, and the District Court denied *habeas* relief. Petitioner appealed, and the Fourth Circuit Court of Appeals denied a certificate of appealability. *United States v. Murphy*, 139 F.3d 895, 1998 WL 122108 (C.A.4(N.C.)). Petitioner also sought relief under Section 2241 while incarcerated in Connecticut. The Connecticut District Court deemed her Petition a successive Section 2255 motion and transferred it to the Fourth Circuit Court of Appeals. Petitioner appealed the District Court transfer in the Second Circuit Court of Appeals. While her appeals was pending there, the Second

that BOP personnel falsified records thereby preventing her from participating in the program. She states that she "completed the 40 hour drug program in 1996, which is evidence she had a substance abuse history. (Document No. 2, p. 2.) Petitioner attaches documents to her Application including what appears to be a copy of pages from her Presentence Investigation Report indicating that a witness reported seeing Petitioner "snorting cocaine" in May, 1989, and Petitioner reported sporadic use of cocaine from 1984 through 1986 and no use after 1986. The documents further include a Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) Eligibility form indication that Petitioner did not meet the criteria for admission to the program because "[i]nformation in the PSI regarding cocaine and alcohol does not match diagnostic information from interview." The documents further evidence that Petitioner filed a Notice to Court in the United States District Court for the Middle District of North Carolina complaining that she had been denied admission to the drug abuse program and requesting that the Court release her "to one year home confinement or a community based program . . . to compensate for the BOP's failure to identify eligibility based on her Pre-Sentence Report alone, which conflicts with the decision of the BOP to deem [her] ineligible for participation . . .." The documents include a copy of the District Court's December 10, 2004, Order of Dismissal of Petitioner's action because Petitioner was incarcerated in West Virginia, and the North Carolina District Court could not consider her claims under Section 2241. It further appears from the documents that after the District Court dismissed her action, Petitioner requested relief under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

---

Circuit found that the District Court's transfer was not appealable, and it therefore had no jurisdiction over her appeal. *Murphy v. Reid*, 332 F.3d 82 (2nd Cir. 2003).

Petitioner has not raised claims under Blakely and Booker herein. For the reasons stated below, the undersigned recommends that Petitioner's Application be dismissed.

## DISCUSSION

### A.  Mootness as a Consequence of Petitioner's Release.

Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition for Writ of Habeas Corpus.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction - - must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g.,

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### B. Petitioner's Eligibility Under 18 U.S.C. § 3621(e).

Considering Petitioner's claims notwithstanding the determination that they are moot, the undersigned finds them without merit. Title 18, U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." To effectuate this mandate, the BOP is required to ensure that all eligible prisoners "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program. 18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility into the RDAP. Rather, the statute only defines "eligible prisoners" to mean those prisoners "determined by the Bureau of Prisons to have a substance abuse problem." 18 U.S.C. § 3621(e)(5)(B)(I). Thus, the BOP in its discretionary authority established criteria for determining eligibility into RDAP. Title 28, C.F.R. § 550.56(a) sets forth the following eligibility requirements:

> (a) Eligibility. An inmate must meet all of the following criteria to be eligible for the residential drug abuse treatment program.
>
> (1) The inmate must have a verifiable documented drug abuse problem.
> (2) The inmate must have no serious mental impairment which would substantially interfere with or preclude full participation in the program.
> (3) The inmate must sign an agreement acknowledging his/her program responsibility.

>   (4) Ordinarily, the inmate must be within thirty-six months of release.
>   (5) The security level of the residential program institution must be appropriate for the inmate.

28 C.F.R. § 550.56(a). The BOP also created Program Statement 5330.10 which incorporates the above five enumerated conditions and adds definitive language. With respect to the requirement that the inmate have a verifiable documented drug abuse problem, P.S. 5330.10, Chapter 5, Section 4.1, explains:

> Drug abuse program staff shall determine if the inmate has a substance abuse disorder by first conducting the <u>Residential Drug Abuse Program Eligibility Interview</u> followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information. The inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the <u>Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV)</u>. This diagnostic impression must be reviewed and signed by a drug abuse treatment program coordinator.
>
> Additionally, there must be verification in the Presentence Investigation Report (PSI) report or other similar documents in the central file which supports the diagnosis. Any written documentation in the inmate's central file which indicates that the inmate <u>used</u> the <u>same substance,</u> for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem.

The BOP interprets Section 4.1 as requiring an inmate to provide documentation of a substance abuse problem during the 12 month period prior to incarceration.[4]

Petitioner indicates in her Application that she was sentenced upon her conviction of drug offenses in the Middle District of North Carolina in July, 1990. Copies of pages from Petitioner Presentence Investigation Report attached to her Application indicate that witnesses saw Petitioner "snorting cocaine" in May, 1989, and Petitioner denied using cocaine after 1986. It does not appear

---

[4] It is evident from Petitioner's Application which includes a copy of the Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) Eligibility form that, consistent with its Program Statement, the BOP conducted the interview and examined documents in Petitioner's file including Petitioner's Presentence Investigation Report in concluding that Petitioner did not qualify to participate in the residential drug abuse program.

from these documents that Petitioner had a drug abuse problem within 12 months prior to her incarceration. Thus, it appears that the BOP had good reason to conclude that Petitioner was ineligible to participate in the residential drug abuse program.

Additionally, to the extent that Petitioner may be regarded as claiming that the BOP violated her due process rights by finding her ineligible to participate in RDAP, Petitioner's claim is without merit because federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). The BOP has broad discretion in administering inmates' sentences under 18 U.S.C. § 3621(e). See Lopez v. Davis, 531 U.S. 230, 240, 121 S.Ct. 714, 721, 148 L.Ed.2d 635 (2001)(affirming that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction

under Section 3621(e). See Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999). For this additional reason, the undersigned finds that Petitioner's claims are without merit.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of

such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: January 17, 2008.

R. Clarke VanDervort
United States Magistrate Judge